UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD A. MORGAN,           )
                              )
         Plaintiff,           )
                              )
     v.                       )     No. 4:06-CV-43-DJS
                              )
JOHNNY FORD, et al.,          )
                              )
         Defendants.          )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Reginald A. Morgan for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a resident at the St. Louis Psychiatric Rehabilitation Center ("SLPRC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Johnny Ford and Marylois Lacey (Superintendent, Metropolitan St. Louis Psychiatric Center). Liberally construing the complaint, plaintiff alleges that he wrote to defendant Lacey requesting Moorish Science Temple of America religious services at SLPRC. Plaintiff further claims that defendant Lacey "denied verbally" the request, and "she told the pastor of the church that that religion could not be held here," thus violating plaintiff's First Amendment rights.

Plaintiff's claims against defendant Marylois Lacey survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2).

2

Therefore, defendant Lacey shall reply to the complaint.

The complaint is legally frivolous as to defendant Johnny Ford, because plaintiff has failed to assert any allegations against him. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Moreover, to state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). There is no indication in the complaint that Johnny Ford is a state actor for purposes of § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that, as to defendant Marylois Lacey, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that, as to defendant Johnny Ford, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this ___31st___ day of January, 2006.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE